Okey, O. J.
In the court of common pleas, the jury was charged, that the instrument executed by the parties was not a lease at will, nor for years, nor of perpetual duration; “ that said lease is not real property ; ” that it “ was a lease which continued and run for an indefinite and unlimited period, and so long as the lessee, or his assigns or personal representatives, should use the property covered by said lease for the purpose of manufacturing cheese thereonthat upon the death of 'Bartlett, the interest passed to his administrator and not his heir ; and that the administrator could maintain a suit against the Tanners in the nature of an action of trover for the conversion of the fixtures and the lease. To state such a position is to refute it. The only instance of a similar action which I remember, was met in Railroad Co. v. Robbins, 35 Ohio St. 531.
Leases may be at will, for years, for life, or of perpetual duration. Foltz v. Huntley, 7 Wend. 210; Taylor’s Land. & T. § 72. Indeed, they may be made for any period which will not exceed the interest of the lessor in the premises. And whatever the term, it may be subject to a condition, which is a qualification annexed to the estate by the grantor (Sperry v. Pond, 5 Ohio, 387; s. c., 24 Am. Dec. 296), or lessor (Foltz v. Huntley, supra), whereby the estate or term granted may, among other things, be defeated or terminated.
In this case the question as to the rights and interest which Bartlett acquired under the instrument, is one of construction. The fact that he was required to and did place upon the premises valuable structures, which he could only remove when the premises were no longer used for the manufacture of cheese thereon, satisfies us that this was not a lease at will nor a lease from year to year. On the other hand, the instrument *121 contains no words indicating an intention to grant a fee in the premises ; and yet the construction which the court of common pleas placed upon it would render it, in effect, precisely the same as though the grant had been to Bartlett, his heirs and assigns. It would endure, according to that construction, until the premises were no longer used for the manufacture of cheese, or the lessee ceased to pay rent, precisely as in the case of a grant in fee with such condition. Having regard to the whole instrument, and not overlooking the fact that the right to remove the fixtures is, in terms, limited to Bartlett, we are satisfied that a lease for life was granted to him, subject to be defeated when the premises were no longer used for the manufacture of cheese thereon, or by the non-payment of rent. Hurd v. Cushing, 7 Pick. 169; Sperry v. Pond, supra; Foltz v. Huntley, supra; Bowles’ case, Tudor’s Lead. Cas. Real Prop. (2 ed.) 27-100 ; 4 Wait’s Act. & Def. 502. Indeed, it is well settled that if one grant an estate to a man and woman during coverture, or as long as the grantee or lessee shall dwell in such a house or use the premises for a specified purpose, as, for instance, the manufacture of cheese thereon, or for any like uncertain time, the grantee or lessee has in judgment of law a freehold. 1 Williams on Ex. (6 Am. ed.) 749; Taylor’s L. & T. § 52; Beeson, app., Burton, res., 12 C. B. (74 E. C. L.) 647 ; and see cases cited supra. The cases relied on by the plaintiff in error (White v. Fuller, 38 Vt. 194; Lewis v. Effinger, 30 Pa. St. 281; Cook v. Bisbee, 18 Pick. 527), are in no respect inconsistent with the view here stated; and the statutes and decisions relating to permanent leasehold estates in this state, which áre also cited and relied upon by the plaintiff in error, shed little light on the case.
The administrator of Bartlett had no right of action, except with respect to property merely personal, which may have remained on the premises when this suit was brought; nor had he a right of action with respect to such personal property, unless the Tanners converted it to their own use. Leases of land of a chattel quality are chattels real, and go to the administrator ; in other words, all interests for a definite space, measured by years, months or days, are deemed chattel interests, and, in *122 dependently of statutory provision (Northern Bank v. Roosa, 13 Ohio, 334; 30 Ohio St. 285), go to the administrator; but he has no interest in a lease, like this, for a freehold term. See authorities cited in the last paragraph.

Judgment affirmed.